**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HIREN JAGDISHBHAI PATEL,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**CHRISTOPHER BULLOCK, Field Office Director, ICE ERO New Orleans; JOHN DOE, Officer in Charge, ICE Nashville holding facility; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States, in their official capacities,**<br><br>**Respondents.** | ) | **No. 3:26-cv-01727** |

**ORDER**

Pending before the Court is Petitioner's Emergency Motion and Incorporated Memorandum of Law for Order to Show Cause, Expedited Return, and Temporary Restraining Order. (Doc. No. 5).

The Verified Petition alleges that Petitioner was taken into ICE custody in Nashville, Tennessee on October 30, 2026; that counsel has been unable to communicate with him or determine his present location or immediate custodian; that the ICE Online Detainee Locator System returns no result for him; and that Respondents are detaining him under 8 U.S.C. § 1225(b)(2)(A). The Petition presents a substantial meritorious claim under Lopez-Campos v.

Raycraft, 175 F.4th 713 (6th Cir. 2026), and transfer before expedited review could cause irreparable harm and unnecessarily complicate habeas review.

Having considered the motion, the Verified Petition for Writ of Habeas Corpus, exhibits, and applicable law, the Court finds, for purposes of this interim relief only, that Petitioner is likely to succeed on the merits of his claims that his October 30, 2026, detention violates 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment; that he is likely to suffer irreparable harm if he is transferred outside the Middle District of Tennessee before the Court can obtain the custody record and consider the Petition; and that the balance of equities and the public interest favor preserving the status quo.

The motion is **GRANTED**. The Court rules as follows:

1. Respondents, their officers, agents, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall not transfer or remove Petitioner from the Middle District of Tennessee while this Order is in effect, unless the Court directs otherwise.
2. Respondents shall file, with their first response in this action, a notice identifying Petitioner's present location and immediate custodian.
3. No security is required under Federal Rule of Civil Procedure 65(c).
4. This Order takes effect upon notice. Petitioner's counsel shall serve a copy of this Order on Respondents and file on the docket when service is made. This Order shall remain in effect for fourteen (14) days from its entry unless extended by the Court for good cause or by consent. Fed. R. Civ. P. 65(b)(2).

5. The preliminary injunction hearing is set for **November 17, 2026, at 1:00 p.m.** Respondent shall respond to Petitioner's motion for injunctive relief by **November 10, 2026.** Petitioner may reply by **November 12, 2026**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE