**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HIREN JAGDISHBHAI PATEL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-01727** |
| | ) | |
| **CHRISTOPHER BULLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is before the Court to determine if the temporary restraining order issued by the Court should be converted into a preliminary injunction under Federal Rule of Civil Procedure 65 (a) and (b). Hiren Jagdishbhai Patel filed a Petition for Habeas Corpus (Doc. No. 1) and an Emergency Motion and Incorporated Memorandum of Law for Order to Show Cause, Expedited Return, and Temporary Restraining Order (Doc. No. 5).

The Court entered a Temporary Restraining Order (Doc. No. 9) based on the verified Petition for Writ of Habeas Corpus and the exhibits. The Court determined that Patel is likely to succeed on the merits of his claims that his October 30, 2026 detention is unauthorized by 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment; that he is likely to suffer irreparable harm if he is transferred outside the Middle District of Tennessee before the Court can obtain the custody record and consider the Petition; and that the balance of equities and the public interest favor preserving the status quo. The parties have filed memorandums on whether a preliminary injunction should be entered. (Doc. Nos. 12, 13). By agreement of the

parties, the Court will drop all Defendants besides Christopher Bullock, as they are not necessary to the suit. For the reasons that follow, the Court will enter a preliminary injunction.

## I. Findings of Fact

Patel was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on October 30, 2026 while voluntarily appearing for a routine supervisory ICE check-in. (Doc. No. 1 at 1). Patel is a native and citizen of India. He entered the United States without inspection in 2023. (Id. at 9). He has a pending I-589 and had a pending immigration case. (Id. at 1). To date, he has no criminal arrests, charges, or convictions in the United States and has not missed ICE check-ins or violated reporting or supervision requirements. (Id. at 11). ICE detained him on October 30, 2026, during a scheduled check-in at the Nashville ICE office. He filed this case seeking a writ of habeas corpus.

## II. Conclusions of Law

Patel invokes § 1226(a), which allows for release or a bond hearing. (Doc. No. 13 at 1). Respondents concede that Patel is subject to § 1226(a)'s discretionary detention framework. (Doc. No. 12 at 2). Respondents nevertheless request that Patel's petition be denied, because service of the Verified Petition has not been confirmed, and because Patel has not sought a bond hearing from an immigration judge. (Id. at 1, 4).

The Sixth Circuit entitles noncitizens to bond hearings to challenge their detention. Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). Respondents admit that Lopez-Campos "controls the outcome of this matter" and Patel has not yet been afforded a bond hearing, despite being detained for over two weeks. (Doc. No. 12 at 2). Thus, the Court finds that Respondents have violated Patel's due process rights and order that he be given a detention hearing.

Respondents argue that service has not been confirmed pursuant to Fed. R. Civ. P. 4. (Doc. No. 12 at 1). However, as of November 12, 2026, a certificate of service was filed by Petitioner's counsel. (Doc. No. 14). Further, the service requirements of Rule 4 are in place to ensure a defendant receives notice of pending litigation. Here, Respondents made an appearance on November 2, 2026 (Doc. No. 7), and filed a Response to Patel's allegations (Doc. No. 12), so there is no question that Respondents received notice of this matter.

The Court is not persuaded by Respondent's argument that Patel had to affirmatively request a bond hearing in immigration court before the Court can order his release. Multiple courts within the Sixth Circuit, including this one, have rejected that argument. See Perdomo Amaya v. Bullock, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sept. 24, 2026) ("[T]he Government appears to argue that the Petitioner need not be released because he has not requested a bond hearing. That argument is without merit."); Cabrera v. Bullock, et al., No. 3:26-cv-01322 (Sept. 21, 2026) (Richardson, J.) ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."); Casanueva Ferro v. Bullock, No. 3:26-CV-01695, 2026 WL 3363161, at *2 (M.D. Tenn. Nov. 5, 2026) ("Once again, the court will reject that argument."). Further, Lopez-Campos does not require noncitizens to request a bond hearing. The Court rejects this argument.

The Court finds that Patel is likely to succeed on the merits of his claims that his October 30, 2026, detention is unauthorized by 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment based on Sixth Circuit precedent. Patel will suffer irreparable harm if he is not provided a detention hearing or released on bond, because he will not have an opportunity to explain his background and connections to his community to prevent his removal from the United States. The balance of equities and the public interest also favor providing Patel with a

detention hearing or releasing him. Patel has no criminal arrests, charges, or convictions in the United States and has not missed ICE check-ins or violated reporting or supervision requirements. He has been living in the United States for three years, and has a pending I-589 and had a pending immigration case. The potential harm to Patel is high. The potential harm to Respondents is minimal. At most, Respondents will face a short delay in detaining Patel if it ultimately proves that his detention is necessary. While the Court recognizes the importance of the enforcement of immigration laws to preserve American security and public safety, the balance weighs in favor of allowing Patel an opportunity to be heard by providing him with a detention hearing.

Accordingly, the Temporary Restraining Order is converted to a preliminary injunction, and the Court rules as follows:

1. Respondents, their officers, agents, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall not transfer or remove Petitioner from the Middle District of Tennessee while this Order is in effect, unless the Court directs otherwise.

2. Respondents shall maintain Petitioner's reasonable access to his counsel of record, including confidential legal telephone calls and attorney visits, at his place of detention.

3. Respondents' counsel shall notify Petitioner's counsel by email within twenty-four (24) hours of any change in Petitioner's custodial location. Respondents shall file, with their first response in this action, a notice identifying Petitioner's present location and immediate custodian.

4. Patel's civil administrative detention is governed by 8 U.S.C. § 1226(a), as mandated by Lopez-Campos. Respondents shall have a detention hearing for Patel within five days.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE