**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HIREN JAGDISHBHAI PATEL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-01727** |
| | ) | |
| **CHRISTOPHER BULLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Hiren Jagdishbhai Patel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241, seeking an order of immediate release from detention. (Doc. No. 1). The Government has filed its Response. (Doc. No. 12). For the following reasons, and the reasons in the Court's November 17, 2026 Memorandum Opinion and Order (Doc. No. 16), the writ will be granted.

## I. Introduction

Patel was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on October 30, 2026 while voluntarily appearing for a routine supervisory ICE check-in. (Doc. No. 1 at 1). Patel is a native and citizen of India. He entered the United States without inspection in 2023. (Id. at 9). He has a pending I-589 and had a pending immigration case. (Id. at 1). To date, he has no criminal arrests, charges, or convictions in the United States and has not missed ICE check-ins or violated reporting or supervision requirements. (Id. at 11).

Patel filed this case seeking a writ of habeas corpus on October 30, 2026, claiming that his detention is unlawful because Respondents lack lawful authority to detain him under 8 U.S.C. §

1225(b)(2)(A). (Doc. No. 1 at 33). On October 31, 2026, Patel filed an Emergency Motion to Show Cause, Expedited Return, and Temporary Restraining Order. (Doc. No. 5). The Court granted that motion on November 17, 2026. (Doc. No. 16).

## II. Discussion

As the Court stated in its November 17, 2026 Memorandum Opinion and Order (Doc. No. 16), Patel invokes § 1226(a), which allows for release or a bond hearing. (Doc. No. 13 at 1). Respondents concede that Patel is subject to § 1226(a)'s discretionary detention framework. (Doc. No. 12 at 2). Respondents nevertheless request that Patel's petition be denied, because service of the Verified Petition has not been confirmed, and because Patel has not sought a bond hearing from an immigration judge. (Id. at 1, 4).

Respondents argue that service has not been confirmed pursuant to Fed. R. Civ. P. 4. (Doc. No. 12 at 1). However, as of November 12, 2026, a certificate of service was filed by Petitioner's counsel. (Doc. No. 14). Further, the service requirements of Rule 4 are in place to ensure a defendant receives notice of pending litigation. Here, Respondents made an appearance on November 2, 2026 (Doc. No. 7), and filed a Response to Patel's allegations (Doc. No. 12), so there is no question that Respondents received notice of this matter.

The Sixth Circuit entitles noncitizens to bond hearings to challenge their detention. Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). Respondents admit that Lopez-Campos "controls the outcome of this matter" and Patel has not yet been afforded a bond hearing, despite being detained for over two weeks. (Doc. No. 12 at 2). Thus, the Court finds that Respondents have violated Patel's due process rights and order that he be given a detention hearing.

The Court is not persuaded by Respondent's argument that Patel had to affirmatively request a bond hearing in immigration court before the Court can order his release. Multiple courts

within the Sixth Circuit, including this one, have rejected that argument. See Perdomo Amaya v. Bullock, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sept. 24, 2026) ("[T]he Government appears to argue that the Petitioner need not be released because he has not requested a bond hearing. That argument is without merit."); Cabrera v. Bullock, et al., No. 3:26-cv-01322 (Sept. 21, 2026) (Richardson, J.) ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."); Casanueva Ferro v. Bullock, No. 3:26-CV-01695, 2026 WL 3363161, at *2 (M.D. Tenn. Nov. 5, 2026) ("Once again, the court will reject that argument."). Further, Lopez-Campos does not require noncitizens to request a bond hearing. The Court rejects this argument.

## III. Conclusion

For the reasons stated above, the writ of habeas corpus requested by the Petitioner, Hiren Jagdishbhai Patel, is **GRANTED**. Patel's civil administrative detention is governed by 8 U.S.C. § 1226(a), as mandated by Lopez-Campos. Respondents are permanently **ENJOINED** from re-detaining Patel without bond under 8 U.S.C. 1225(b)(2)(A).

The Government shall file a Status Report with the Court no later than 4 p.m. CST on November 23, 2026 to certify compliance with this Order.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE